## Bower & Co. v. Metz & Cole.

1. **Contract:** COMPOSITION OF INDEBTEDNESS: FRAUD. Where the plaintiffs, who were creditors of the defendants, accepted as a composition of the indebtedness due them the note of the defendants, signed by another as surety, for fifty per cent of their claim, it was held that after the payment of such note they could not repudiate the composition and recover the remaining fifty per cent of the original claim still unpaid on account of an alleged fraud of the defendants, of which they had knowledge when they accepted payment of the note.

*Appeal from Lee Circuit Court.*

FRIDAY, SEPTEMBER 24.

ACTION AT LAW. Trial to the court and judgment for the defendant. The plaintiff appeals.

*Gillmore & Anderson,* for appellant.

*Sprague & Gibbons,* for appellee.

SEEVERS, J.—The defendants were largely indebted and believed to be unable to pay their debts. A composition was entered into with the most of their creditors, including the plaintiff, whereby said creditors agreed to accept the notes of said defendants, signed by one Charles Metz as security, for fifty per cent of the amount due them respectively. The plaintiff claims it was the understanding that nearly all of the creditors should join in such settlement on the terms aforesaid. One of the said creditors who signed the composition paper, by reason of secret agreement with defendants, was paid seventy-five cents on the dollar. This is claimed to be a fraud on the plaintiff, and this action was brought to recover the amount unpaid on the original debt.

There was no finding of facts; but we think, under the evidence, the court was fully warranted in concluding:

*1. CONTRACT: composition of indebtedness: fraud.*

*First.* That the inducing cause of the composition was to get Charles Metz to become responsible for the amount agreed to be paid.

*Second.* That Charles Metz did sign the composition notes as surety, and the same have been fully paid; and

*Third.* That the plaintiffs knew, before the notes were paid, of the fraud aforesaid.

This being so, we do not think this can be regarded as an ordinary composition, where the debtor alone and personally agrees to pay the creditor a certain amount less than the whole debt. In such case it may be conceded that the utmost good faith on the part of the debtor is required, and if he agrees to pay one creditor more than another, the composition is void from the beginning. The transaction in the case at bar amounted to this: The plaintiff had a certain amount of doubtful paper, and for it other paper for less amount was taken as payment. No cash was paid, and at least a part of the inducement or consideration, moving the plaintiff to accept a less sum than the whole, was that Charles Metz should become responsible for such amount. This, when considered in connection with the fact that the plaintiff had knowledge of the fraud before the notes were paid by Charles Metz, or at least which he was bound to pay, should prevent the plaintiff from now treating the amount paid as reducing the original indebtedness to that extent and recovering the residue. Simple justice to Charles Metz required that the plaintiff should have repudiated the whole transaction or *none.*

This case is clearly distinguished from *Stewart & Brother v. Blum & Simpson*, 28 Penn. St., 225; because in the last named case the composition contract was made with the debtors alone. The general rule is that the acceptance of a part of a debt which is due cannot be regarded as a payment or satisfaction, even if it was so agreed, but to this there are exceptions, among which is, if the creditor agrees to and does

accept the negotiable note of another for an amount less than the whole, it will be regarded as a discharge of the debt. 2 Parsons on Contracts, 618–619.

AFFIRMED.