FARMERS' BANK OF DARDANELLE *v*. SELLERS.

Opinion delivered January 12, 1925.

1. COMPOSITION WITH CREDITORS—DEFINITION.—A "composition with creditors" is an agreement between an embarrassed debtor and his creditors for the immediate payment of less than is due in satisfaction of the debts, and constitutes an agreement, not only between debtor and creditors, but between the creditors themselves, that each shall receive an equal sum out of the assets of the embarrassed debtor; and acceptance of the amount offered in compensation, or an agreement to accept the same in full of the debt, is binding upon a creditor in the absence of fraud, and precludes him from suing on the original claim.

2. COMPOSITION WITH CREDITORS—PART PERFORMANCE.—A part performance of a composition agreement does not constitute a satisfaction of the original debt.

3. COMPOSITION WITH CREDITORS—ORJECTION TO AMOUNT TENDERED—WAIVER.—Objection by a creditor that the check mailed to him was for an amount smaller than agreed was waived by the creditor where it accepted the check without objection as to the amount and made no complaint on account thereof until after three months.

4. COMPOSITION WITH CREDITORS — DELAY.— A creditor was not entitled to avoid a composition agreement on the ground that the check paid to him in pursuance thereof was unreasonably delayed where he accepted it without objection and retained it for over three months without objection and then did not complain of delay.

5. COMPOSITION WITH CREDITORS—ASSENT OF CREDITORS.—The validity of a composition agreement is not dependent upon the assent of all the creditors unless the agreement itself so states.

6. COMPOSITION WITH CREDITORS—FAILURE OF CREDITORS TO ASSENT.—Where the claims of non-assenting creditors are so small that in the aggregate they could not have substantially influenced accepting creditors, their refusal to consent is immaterial, and does not avoid the composition agreement.

7. COMPOSITION WITH CREDITORS—WAIVER OF FRAUD.—A creditor's acceptance of a check under a composition agreement, with knowledge that certain small creditors had been paid in full, is a waiver of any fraud in preferring such creditors.

8. COMPOSITION WITH CREDITORS—PREFERENCE.—Evidence that a creditor after a composition agreement was entered into secured a judgment against the debtor was insufficient to prove that the creditor did not assent to the agreement or that the debtor was attempting to confer a preference upon such creditor.

9. COMPOSITION WITH CREDITORS—BURDEN OF PROOF OF FRAUD.—A creditor seeking to avoid a composition agreement on the ground of fraud and misrepresentation inducing his acceptance of the composition has the burden of proof.

10. COMPOSITION WITH CREDITORS—IMMATERIAL MISREPRESENTATION. —The fact that a debtor represented that the money to carry out a proposed composition agreement would be raised by mortgaging his homestead, whereas it was furnished by his attorneys, would not invalidate the agreement.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*Robt. J. White, Anthony Hall,* and *John M. Parker,* for appellant.

Where a debtor, by false representations as to his financial condition, induces his creditors to accept a composition, it is not binding. C. J. 547, par. 57; *Id.* 569, § 104; 128 S. W. 855. A prior conveyance in fraud of creditors will invalidate a composition, unless the creditor knew of it when he entered into the composition. 12 C. J. 284, § 73. The law demands the utmost good faith on the part of a debtor in effecting a composition. Any fraud, misrepresentation, concealment or suppression on his part with respect to any material fact will vitiate the composition, and entitle a creditor injured thereby, at his option, to treat it as null and void, at any time within the statute of limitations. 12 Cyc. 283, § 73. If the debtor furnishes a statement as the basis of a composition, he is answerable for its truth. 12 C. J. 284, § 75 and note 89a. Since the letter from Beal-Burrow Dry Goods Company required an affirmative answer from all creditors, and their proposition was not submitted to, nor accepted by, all the creditors, there was no composition. 1 C. J. 547, § 57. The composition proposed by this letter was never completed. The tender made by the attorney of the debtor as his agent was not binding. 1 C. J. 549, § 60. The only consideration that could have moved appellant to accept the amount tendered was the attempted composition. 1 C. J. 547, § 56. This consideration having failed, the alleged acceptance of the bank was without consideration and void. 1 C. J. 528, § 14. No

sufficient tender was made; 33⅓ per cent. of the bank's debt amounted to $550, whereas the check was only for $525. Part performance did not constitute satisfaction. 1 C. J. 533, § 21, and notes; *Id.* § 22, and notes; 12 C. J. 270, § 40; 78 Ark. 304; 115 Ark. 347, 348; 88 Ark. 473, 476; 70 Ark. 215. Plaintiff gave no written release of its claim, and therefore could sue on the original demand, the debt being liquidated and due. 1 C. J. 539, § 40; 55 Ark. 369; 44 Ark. 349; 33 Ark. 572; 129 Ark. 82.

*Hays, Priddy & Hays,* for appellee.

The appellant should have objected to the amount stated in the Beal-Burrow Dry Goods Company's letter as the amount of appellant's debt, that it was too small. Instead it examined the list of creditors submitted, went to see Sellers, and then accepted the proposal. It is too late now to object to the amount of the check for 33⅓ per cent. of the amount stated in the list as appellant's debt. 12 C. J. 265, note 68 (a); 119 Mass. 453. Appellee was entitled to a reasonable time in which to send remittances to the various creditors. Certainly a remittance one month and twenty-two days after acceptance of the composition, was, under the circumstances, not an unreasonable delay. Besides, appellant never objected to the alleged delay. 12 C. J. 268. Time is not the essence of the contract. 5 R. C. L. 869. It is not essential that all or even the greater part of the creditors join in a composition, unless it is so stipulated in the agreement itself. 12 C. J. 261. Whether executed or executory, a valid composition is binding until breached. A creditor cannot revoke his assent, or withdraw without the consent of the other parties; and the composition, while in force, is a bar to any action to recover the original debt of any creditor who has joined. 12 C. J. 272. Appellant could not cancel this agreement between itself and the other creditors on its own motion. 5 R. C. L. 868-9, 870; 12 C. J. 274, note 60. The failure to list a small indebtedness, which was afterwards paid in full, will not, in the absence of proof of fraudulent concealment, release a creditor from the composition. 144 Ark. 87; 92 Ark. 509. As to the debt of the

Durett Flour & Grain Co., whose account was listed, appellant could easily have ascertained that that company refused to sign the composition.

McCULLOCH, C. J. This is an action at law instituted by appellant against appellee to recover on a promissory note executed by the latter to the former, dated January 4, 1921, due and payable March 1 after date, for the sum of $1,573.56, with interest. Appellee answered, setting up as defense that he had made a composition with his creditors, which had been accepted by appellant, and that appellant had received and accepted a certified check for its *pro rata* amount of the composition. Appellant admitted the receipt of the check for the amount named, but contended that its acceptance of the composition had been induced by fraudulent acts on the part of appellee or his creditors. The issues were tried before a jury, but, at the conclusion of the introduction of testimony, the court gave a peremptory instruction in favor of appellee. The question presented on this appeal is whether or not there was sufficient evidence on the part of appellant to call for a submission of the issues to the jury.

Appellee was a merchant at Blaine, in Logan County, and, in the course of his business, executed the note in suit to appellant. Becoming financially embarrassed, appellee applied to his largest creditor, the Beal-Burrow Dry Goods Company, of Little Rock, for an adjustment, and, through the latter, a proposition was submitted to the creditors of appellee for a composition on the basis of payment of one-third of the debts in full settlement. A letter was sent out to the creditors by Beal-Burrow Dry Goods Company, dated May 7, 1921, stating in substance that appellee was hopelessly insolvent, and offering, on behalf of appellee, the payment of thirty-three and one-third cents on the dollar to all the creditors. The letter was accompanied by a financial statement of appellee showing gross assets inventoried $18,853.32, but of a net value of $4,875.45, in addition to his homestead, and also accompanied by a list of the creditors, showing an

aggregate of $18,011.86.   The letter presented argument why it would be to the best interest of the creditors to accept the offered composition, and requested an affirmative reply from each creditor.   The letter contained a statement that, unless all the creditors accepted the proposition, the estate would be thrown into bankruptcy.   One of these letters, with accompanying statements, was sent to appellant, and on May 13, 1921, appellant, through its president, wrote a letter to Beal-Burrow Dry Goods Company, accepting the offer.   In the list of creditors appellant's debt was listed at the sum of $1,575, and on June 21, 1921, Beal-Burrow Dry Goods Company mailed to appellant, in satisfaction of its debt in accordance with the composition, a certified check of Hays & Ward, attorneys for appellee, on a bank at Russellville, Arkansas.   Appellant did not cash the check, but made no response until September 27, 1921, when it wrote to appellee a letter demanding payment of the full amount of the original debt.   Payment was refused, and this suit was instituted about a year and a half later, and appellant, for the first time, offered in its pleadings in the case to return the certified check.

There was proof adduced in the case that several creditors in small amounts were subsequently paid the amounts due them in full.   Some of those creditors were not embraced in the list, and another creditor—Durett Flour & Grain Company of Fort Smith, Arkansas, whose debt was listed in the sum of $858.23—instituted suit against appellee and recovered judgment against him for the full amount of the debt.   This was subsequent to the composition.   It is insisted that there is evidence to sustain the contention of appellant that appellee perpetrated a fraud in several respects, to-wit:   in representing his financial condition to be insolvency, when, as a matter of fact, he was not insolvent; in representing that he would comply with the composition, if accepted by creditors, by mortgaging his homestead and raising the money in that way to pay the amount; that he misrepresented the amount of his assets and the amount of his

debts, and secretly agreed with his creditors to give a preference. There were other contentions, to be stated in the course of this opinion.

A composition of creditors is an agreement between an embarrassed debtor and his creditors for the immediate payment of a less sum in satisfaction of the whole amount due on the claim, and it constitutes an agreement, not only between the creditors and his debtors, but also one between the creditors themselves, that each shall receive an equal sum out of the assets of the embarrassed debtor. An acceptance of the amount offered in compensation, or an agreement to accept the same in full of the debt, is binding upon a creditor in the absence of fraud, and precludes him from suing on the original claim. 5 R. C. L., p. 868. It has been held, however, that a part performance of the composition agreement does not constitute a satisfaction of the original debt (1 C. J., p. 533, and note), and it is contended, in the first place, that appellant is not bound by the receipt of the certified check, for the reason that it fell short of being one-third of the full amount of the debt. In other words, the contention is that appellant's debt, with accumulated interest, amounted to $1,650, and that the check sent was for $525, which was $25 short of the amount due under the composition. The answer to this contention is that appellant's debt was listed in the proposition sent out by Beal-Burrow Dry Goods Company in the sum of $1,575, and appellant's acceptance of the offer constituted an agreement to accept one-third of the amount stated in the list of creditors. If appellant desired to claim a larger amount, it should have qualified its acceptance by stating the amount it was willing to accept. The amount of the check corresponded precisely with the amount that appellant had agreed to accept, and therefore it is too late now to contend that it was entitled to a larger sum.

The next contention is that the check was not delivered within a reasonable time. The delay was waived by receiving the check without objection. Accord-

ing to the undisputed proof, the check was sent on June 21, and appellant made no objection to it until September 27, and then the objection was not based on any delay, and the check was retained by appellant until the commencement of this suit, a year and a half later.

The next contention is that the composition agreement was not binding, for the reason that all of the creditors did not assent to it. The rule is that the validity of a composition agreement is not dependent upon the assent of all creditors unless the agreement itself so states. In other words, there may be a composition of a part of the creditors without invalidating the agreement or affecting the rights of other creditors (12 C. J., p. 261), but, where the agreement itself states that it is not binding unless all of the creditors accept, then it does not constitute a valid and binding composition until there is an acceptance by all the creditors. The letter sent out by Beal-Burrow Dry Goods Company on behalf of appellee undoubtedly contemplated an assent from all the creditors, and appellant, in expressing its acceptance, assented under those terms, and, if the fact was secretly withheld from appellant that other creditors had not accepted, then it would defeat the composition, and appellant would be entitled to recover on the original debt. In examining the testimony in the case we find that the claims of all of the creditors, except one, who failed to accept the composition, were very small in amount—too small to be of sufficient consequence to operate as a fraud on appellant if their non-acceptance was withheld. The theory upon which the rule of law is based that there must be an acceptance of all the creditors is that it constitutes a fraud on those who do accept to permit a secret preference to be given those who do not accept, but, if the amount of the claims of omitted creditors is, in the aggregate, so small that it could not have had any substantial influence upon the action of accepting creditors, it is immaterial, and does not avoid the composition. There is another reason why appellant cannot escape the binding force of its acceptance, and that is that, at the

time it received the check, it knew that certain of the small creditors were to be paid in full, and this constituted a waiver of the fraud, if any, in giving preference to the omitted creditors. Knowledge, at the time of the acceptance of the amount paid under composition, of a secret preference to other creditors, or any other fraud, constitutes a waiver of such fraud. 12 C. J., p. 285; *Clark* v. *White,* 12 Peters 178; *Bowet* v. *Metz,* 54 Iowa 394. The only proof with reference to the other large creditor, Durett Flour & Grain Company, $858.23, is that, subsequent to the composition, that creditor obtained a judgment against appellee for the full amount of the claim. That particular creditor was listed along with the others, and there is no proof introduced as to whether or not there had been an acceptance of the offer. The mere fact that the creditor in question obtained a judgment against appellee is not sufficient to show that there was no acceptance by the creditor of the offer, or that appellee was attempting to confer upon that creditor a preference. It is not explained why the Durett Flour & Grain Company was permitted to sue on the original debt, and, as before stated, it is not shown that there had been no acceptance. It may be that there was an acceptance, but that appellee had failed or omitted to pay the *pro rata* and had been sued for the original debt on that account. This is far from showing that there had not been an acceptance by the creditor, or that there was a secret preference attempted.

The other contentions in the case are that appellee did not list all of his property, in that there was land in his wife's name which should have been listed as his property, and also that he was not insolvent at the time, and had not been threatened with bankruptcy. We are of the opinion that the evidence does not sustain these charges and was not sufficient to warrant a submission of the issues to the jury. The burden was upon appellant to show that fraud had been perpetrated, which misled him and induced him to make an acceptance which would not otherwise have been made, and appellant has not

sustained that burden by introducing proof tending to show that there was a misrepresentation in any of the particulars mentioned.

Again, it is urged that the representations were false in the statement that the money to carry out the composition would be raised by mortgaging the homestead, whereas the money to pay the creditors was furnished by the appellee's attorneys. This is unimportant, and does not affect the integrity or validity of the composition. If appellee found other means of raising the money to comply with the composition agreement, it had no bearing on the controversy further than it might show that appellee had other property which was withheld from the statement of assets. But the bare fact that the money was paid into the Russellville bank by appellee's attorney raises no inference that it constituted funds which belonged to him and was being wrongfully withheld from creditors.

Upon the whole we are convinced that there was no evidence sufficient to warrant a submission of the issues to the jury, and that the court was correct in directing a verdict in favor of appellee.

The judgment is therefore affirmed.